Welch, C. J.
We think the court erred in dismissing the appeal. The action was not one in which the parties could demand a jury trial. It was an action under the statute to enforce a lien for assessments upon the lots. The facts stated in the petition are precisely those which it is necessary to set forth in such an action, — nothing less, nothing more. These facts are, the assessments, the performance of the work, and that Corry was, at the time of the commencement of the suit, the owner, or claimed to be the owner, of the lots. The fact that Corry was the owner of these lots at the date of the assessment, is not averred in the petition. Unless he was the owner at that date the statute does not make him liable for the assessment, or authorize an action against him personally. The petition contains a *280 prayer for a personal judgment against Corry, as well as a prayer for a sale of the lots ; but there are no facts stated which will justify such a prayer, or warrant the court in rendering such a judgment. The only relief that could properly be granted, upon the facts stated in the petition, was a decree for the enforcement of the lien against the lots. The prayer for a personal judgment was mere surplusage and could not give character to the action. It was not an action to recover money, nor was it an action such as is authorized by the act of Peb. 19, 1864 (S. & S. 575), to enforce a lien and also to recover a personal judgment for the amount due. That act can apply only to a case where there is a personal liability for the money due, as well as a right to enforce the lien by which it is secured. It is the statement of facts, and not the prayer contained in the petition, which gives character to the action as being one in which the parties are or are not entitled to a jury trial, or an appeal. True, where the facts stated entitle the' plaintiff to elect between two remedies, to either of which the facts show him to be entitled, the prayer may determine the character of the action, because it is itself an election. The trouble here, however, is that there are no facts set forth entitling the plaintiff to pray for a personal judgment against Corry. Por aught that appears, some one else owned these lots at the time the assessment was made.
Judgment reversed, and cause remanded for further proceedings.
White, Day, McIlvaine and West, JJ., concurred.